**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SHARLA KOLLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-00430-DGK |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This case arises out of Defendant Midland Credit Management, Inc.'s ("MCM") attempt to collect a debt incurred by Plaintiff Sharla Koller ("Plaintiff"). Plaintiff alleges MCM made a false or misleading representation to her and its communication overshadowed or was inconsistent with its disclosure of her right to dispute the debt, in violation of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. §§ 1692e, 1692g(b).

Now pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 7). For the reasons set forth below, Defendant's motion is GRANTED.

**Standard**

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must meet two conditions to survive a Rule 12(b)(6) motion. First, it must "contain sufficient factual matter, accepted as true, to state a claim to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the complaint does not need detailed factual allegations, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.* In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012); *see also Gorog v. Best Buy Co.*, 760 F.3d 787, 791(8th Cir. 2014) (contract held to be embraced by complaint where plaintiff quoted from contract and contract was the sole basis for plaintiff's complaint).

## Background

On December 21, 2016, MCM[1] sent Plaintiff a collection letter (the "Letter").[2] Compl. ¶ 10 (Doc. 1-1); Letter (Doc. 1-1 at 10-11). It is titled "NOTICE OF NEW OWNERSHIP AND PRE-LEGAL REVIEW." Letter at 1. The body of the Letter's first page states:

> [MCM] is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the validation period described on the back of this letter. Upon receipt of this notice, please call to discuss your options.

---

[1] MCM is a "debt collector." Compl. ¶¶ 7-9; 15 U.S.C. § 1692a(6) (defining "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.").

[2] The Letter is attached to the Complaint. Letter (Doc. 1-1 at 10-11). Matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss. *Gorog*, 760 F.3d at 791 (citing *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)). However, "documents necessarily embraced by the complaint are not matters outside the pleading." *Id.* Here, the complaint quotes directly from the Letter and the Letter is the sole basis for Plaintiff's Complaint. The Court concludes the Letter is necessarily embraced by the Complaint and it may consider the relevant terms of the Letter in ruling on the Rule 12 motion to dismiss. *See id.* at 791-92.

> If we don't hear from you or receive payment by 02-04-2017, we may proceed with forwarding this account to an attorney.
>
> In addition to the validation rights described on the back of this letter, here are some possible options:
> — Pay your full balance . . .
> — Call us to see how to qualify for discounts and payment plans.
> . . .

*Id.* At the top of the Letter, in large font, is a direction to call MCM "by 02-04-2017 to Discuss Options." *Id.* And, in the left margin, the Letter states in bold, "Once your account is paid: collection calls will stop on this account [and] collection letters will stop on this account," followed by, "Reply by 02-04-2017." *Id.* The Court refers to this February 4, 2017, deadline as the "reply-by" deadline.

At the bottom of the first page, the Letter directs the reader to "PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION." *Id.* On the reverse, below a shaded table providing account and contact information, the Letter states, in part:

> Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid. If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment. If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.
> . . .
> Please remember, even if you make a payment within thirty (30) days after receiving this notice, you still have the remainder of the thirty (30) days to exercise the rights described above.

*Id.* at 2. The Letter then informs the reader of state-specific rights, noting it "does not contain a complete list of the rights consumers have under state and federal law." *Id.*

On May 1, 2017, Plaintiff filed suit in state court alleging violations of the FDCPA. MCM removed to this Court and filed the instant motion.

**Discussion**

Plaintiff makes two claims: (1) the Letter was misleading, in violation of 15 U.S.C. § 1692e; and (2) that MCM's representations regarding the February 4, 2017, deadline for a reply overshadowed or were inconsistent with her 30-day window to dispute the debt, in violation of 15 U.S.C. § 1692g(b).  Compl. ¶¶ 26, 29.  Plaintiff essentially makes the same argument under both claims: that because the "reply-by" deadline overshadowed and was inconsistent with her validation rights and the notice deadline, it constituted a false and misleading representation.

I.       **The "reply-by" deadline does not contradict or overshadow the validation notice.**

First, the Court addresses Plaintiff's argument that the "reply-by" deadline overshadowed and was inconsistent with the 30-day validation period, in violation of 15 U.S.C. § 1692g.

Section 1692g(b) provides, "[a]ny collection activities and communication during the 30-day [validation] period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id.* § 1692g(b).  In evaluating whether collection activities overshadow or are inconsistent with the validation notice, courts use the "unsophisticated consumer" standard.  *See Read v. Messerli & Kramer, P.A.*, No. 11-3729, 2012 WL 1439046, at *2 (D. Minn. Apr. 26, 2012) (applying the "unsophisticated consumer" test to alleged violations of section 1692g).  The "unsophisticated consumer" test is "designed to protect consumers of below average sophistication or intelligence, but [it] also contain[s] an objective level of reasonableness that prevents liability for bizarre or idiosyncratic interpretations of collection notices." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (internal citations and quotations omitted) (applying the "unsophisticated consumer" test to violations of section 1692e).

First, the "reply-by" date was not inconsistent with Plaintiff's rights. The parties agree the "reply-by" deadline falls outside of the 30-day validation notice window. *See* Def.'s Br. in Supp. at 5 (Doc. 8) ("The February 4, 2017 deadline is almost two weeks after the expiration of th[e] validation period."); Pl.'s Br. in Opp. at 4 (Doc. 9) (arguing the Letter's February 4, 2017, deadline to contact MCM is misleading because it "falls well outside of the [30-day notice] deadline.").[3] Because the "reply-by" date was *after* the expiration of Plaintiff's validation notice period, it was not inconsistent with Plaintiff's right to dispute her debt within 30 days. The Letter did not suggest Plaintiff was required to pay the debt prior to the 30-day window's expiration. It clarified that action by MCM would not occur until after the expiration of the validation period described on the back page, and any payment received by MCM within the 30-day window would not bar Plaintiff from exercising her validation rights. *Cf. Vasquez v. Gertler & Gertler, Ltd.*, 987 F. Supp. 652, 657 (N.D. Ill. 1997) (collecting cases where letters demanding payment or other action within a period *shorter* than the 30 days required for a validity dispute were held to be direct contradictions under section 1692g).

Next, though the "reply-by" date was mentioned three times on the front of the letter and, in one case, was in a larger font than the rest of the document, it did not overshadow the validation notice. The Letter states that, in *addition* to disputing the debt, Plaintiff has the "possible options" of paying her full balance or calling MCM. *Cf. Oberther v. Midland Credit Mgmt., Inc.*, 45 F. Supp. 3d 125, 131-32 (D. Mass. 2014) (finding letter overshadowed validation notice where, on the front, it referenced only two options for preventing referral of the account to an attorney without providing the additional option of disputing the debt). The front of the Letter

---

[3] Plaintiff uses the date of the Letter in asserting her validation notice deadline was January 20, 2017. However, a consumer has 30 days from the *receipt* of the notice to dispute a debt. *See* 15 U.S.C. § 1692g(a)(3). It is unclear when Plaintiff received the notice, but that fact is immaterial to the Court's resolution of this matter. Even allowing for a three-day mailing period results in a validation notice deadline of January 23, 2017, more than a week before the "reply-by" deadline.

mentioned Plaintiff's validation notice option twice, and in both instances directed Plaintiff to the back of the page to review those rights. The bottom of the first page also referred her to the back of the Letter "FOR IMPORTANT DISCLOSURE INFORMATION." These directions were sufficient to inform even an unsophisticated consumer of her right to dispute the debt within 30 days.

Accordingly, the Plaintiff has failed to state a claim under 15 U.S.C. § 1692g(b).

## II.     The Letter was not misleading as a matter of law.

Next, Plaintiff asserts the Letter was false or misleading in violation of 15 U.S.C. § 1692e. In support, Plaintiff essentially argues the "reply-by" deadline overshadowed her 30-day validation notice window, misleading her to believe she had until February 4, 2017, to dispute the debt's validity.

Section 1692e of the FDCPA deals with false and misleading statements made during collection efforts. It provides a non-exhaustive list of specific examples, but makes clear that "any false, deceptive, or misleading representation…in connection with the collection of any debt" violates this section. 15 U.S.C. § 1692e. The "unsophisticated consumer" standard also applies to alleged violations of section 1692e. *See Peters*, 277 F.3d at 1055 (8th Cir. 2002) (citing *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000)).

For the reasons set forth in the section above, the Court finds even an unsophisticated consumer, if reasonable, would not assign the "reply-by" deadline to her validation rights. Thus, Plaintiff's claim the Letter violated 15 U.S.C. § 1692e fails as a matter of law.

## Conclusion

Because Plaintiff has not stated a plausible claim upon which relief can be granted, Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 7) is GRANTED.

**IT IS SO ORDERED.**

Date: <u>September 15, 2017</u>                         <u>/s/ Greg Kays</u>
                                                        GREG KAYS, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT